IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>                    Plaintiff,<br>v.<br><br>STATE OF UTAH, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00289-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Before the court is a Motion to Dismiss (ECF 5) filed by Defendants State of Utah (Utah) and Governor Spencer Cox (Governor Cox) (collectively, State Defendants). Also before the court is a Motion to Dismiss (ECF 13) filed by Defendants Tooele County, Rachelle Custer (Ms. Custer), Grantsville City, Judge Ron Elton (Judge Elton), and Mayor Neil Critchlow (Mayor Critchlow) (collectively, County Defendants). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT both the State Defendants' Motion to Dismiss (ECF 5) and the County Defendants' Motion to Dismiss (ECF 13).

I.   BACKGROUND

On April 28, 2022, Plaintiff Mark Lee Higley (Plaintiff or Mr. Higley) filed his Complaint (ECF 1) asserting various constitutional claims under 42 U.S.C. §§ 1983 and 1985 against local government entities for sending him a bill for garbage removal, not allowing him to build a basement without a permit, and for allowing "major polluters" to "just pay the fine and keep polluting" (ECF 1 at 8–9). He also complains that a driver for his trucking business received a

traffic ticket for an illegal U-turn, his truck was impounded along with his tools, and he received a traffic ticket for expired registration (*id.*).

On July 7, 2022, the State Defendants filed a Motion to Dismiss (ECF 5), and on August 30, 2022, the County Defendants also filed a Motion to Dismiss (ECF 13). The State Defendants and the County Defendants assert multiple grounds for dismissal including immunity, statute of limitations, failure to state a claim, and res judicata based on two previous actions filed by Plaintiff in this court: (1) *Higley v. Elton, et al.*, No. 2:01-cv-00493-DAK (*Higley I*), which was dismissed without prejudice on January 23, 2004 (*Higley I*, ECF 38); and (2) *Higley v. State of Utah, et al.*, No. 2:14-cv-00506-CW (*Higley II*), which was dismissed without prejudice on March 23, 2016 (*Higley II*, ECF 57 and 71).[1] Plaintiff filed timely Responses (ECF 11, 14) to both Motions to Dismiss. The State Defendants filed a Reply (ECF 12) in support of their Motion to Dismiss. The County Defendants submitted the matter for decision (ECF 18) without filing a reply.

### III. DISCUSSION

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the Complaint in light of these standards.

---

[1] The court finds that the proceedings in *Higley I* and *Higley II* directly relate to the case at hand and therefore takes judicial notice of the filings in these cases. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may 'take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.'" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007))).

      **A.     Judicial Immunity**

County Defendants argue that Plaintiff's claims against Judge Elton should be dismissed under judicial immunity (ECF 13 at 6). "A judge is absolutely immune from liability for his [/or her] judicial acts even if [the] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Judges are generally immune from suits for money damages." *Pledger v. Russell*, 702 F. App'x 683, 684 (10th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). The Supreme Court has recognized "only two narrow exceptions to absolute judicial immunity: (1) 'actions not taken in the judge's judicial capacity (*i.e.* non-judicial actions) and (2) judicial actions 'taken in the complete absence of all jurisdiction.'" *Higley II*, No. 2:14-cv-00506-CW, 2016 WL 1170811, at *2 (quoting *Mireles*, 502 U.S. at 11–12). A judge's action is "judicial" if "it is a function normally performed by a judge." *Id.* (quoting *Stump*, 435 U.S. at 362).

Here, Plaintiff alleges that Judge Elton should have dismissed his traffic ticket for his expired registration because it was a "victimless infraction" and that Judge Elton informed him in writing that he is not entitled to a jury (ECF 1 at 9). Both actions are clearly judicial in nature and subject to absolute judicial immunity. Because Plaintiff has failed to allege any facts showing Judge Elton acted outside his judicial capacity or in the absence of jurisdiction, his claim for money damages is barred as to Judge Elton. Moreover, a claim for injunctive relief against Judge Elton is unavailable under § 1983. *See Pledger*, 702 F. App'x at 685 (citing 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")). The undersigned therefore RECOMMENDS that Plaintiff's claims against Judge Elton be dismissed without prejudice.

**B.      Eleventh Amendment Immunity**

State Defendants argue Plaintiff's claims against them are subject to dismissal under Eleventh Amendment immunity. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). It is well established that "claims for back pay, monetary damages, and retrospective declaratory relief are barred by the Eleventh Amendment." *Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

1.      Utah

Unless Congress has abrogated a state's Eleventh Amendment immunity or a state has waived its immunity, an action against the state is barred under the Eleventh Amendment. *See Barker v. Cragun*, No. 1:18-cv-60-JNP-CMR, 2020 WL 2744640, at *3 (D. Utah May 27, 2020) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)). Though the precise nature of Plaintiff's claims is unclear, claims for constitutional violations against state actors are brought pursuant to 42 U.S.C. §§ 1983 and 1985. Neither of these statutes abrogate Utah's Eleventh Amendment immunity, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1999), and Utah has not waived its immunity, *see* Utah Code Ann. § 63G-7-201(4)(b); *see also Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) ("Utah has not waived its immunity against civil-rights suits." (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999))). The undersigned therefore RECOMMENDS that the claims against Utah be dismissed without prejudice.[2]

---

[2] Because Eleventh Amendment immunity is jurisdictional in nature, dismissal is without prejudice. *Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014).

2. <u>Governor Cox</u>

An action "brought against a state official in his official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Barker*, 2020 WL 2744640, at *3 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). To the extent Plaintiff is asserting official capacity claims against Governor Cox for money damages under § 1983, these claims are therefore barred by the Eleventh Amendment. However, "[u]nlike § 1983 claims for money damages, 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* (quoting *Graham*, 473 U.S. at 167 n. 14). This exception to Eleventh Amendment immunity is referred to as the *Ex Parte Young* exception and "permits a plaintiff to seek prospective injunctive relief for a violation of federal law in a suit against a state official in his official capacity." *Id.* (citing *Ex parte Young*, 209 U.S. 123 (1908)). To fall within the *Ex Parte Young* exception, "there must be an ongoing violation of federal law and the relief sought must be prospective in nature." *Id.* (citing *Buchwald v. Univ. of New Mexico Sch. Of Med.*, 159 F.3d 487, 495 (10th Cir. 1998)). Further, "the official being sued in his official capacity must actually have the power to provide the requested relief." *Id.* (citing *Ex Parte Young*, 209 U.S. at 157).

Here, Plaintiff requests money damages, declaratory relief, and injunctive relief (ECF 1 at 10). The injunctive relief requested by Plaintiff appears to consist of (1) "an injunction for each violation to prevent ongoing damages," (2) "repeal of all unconstitutional enforcement code," and (3) a "Constitutional compliance committee" (*id.*). To the extent Plaintiff is seeking relief for alleged violations resulting from the traffic tickets, his basement, and his truck, these past harms are retrospective and do not fall under exception for prospective relief. *See Buchhett v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (Where a plaintiff is "seeking to address alleged past harms rather than prevent prospective violations of federal law, [the court] can only reasonably categorize

such relief as retrospective."). With respect to stopping polluters, repealing the code, and creating a compliance committee, Plaintiff has failed to allege any facts showing that Governor Cox actually has the power to provide such relief. Plaintiff's official-capacity claims for injunctive relief against Governor Cox thus do not fall under the *Ex Parte Young* exception and are barred under the Eleventh Amendment. To the extent Plaintiff is asserting individual-capacity claims against Governor Cox for declaratory or injunctive relief, these claims are also subject to dismissal. *See Chilcoat v. San Juan County*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief."). The undersigned hereby RECOMMENDS that all claims against Governor Cox be dismissed without prejudice.

  **C. Failure to State a Claim**

  The State Defendants and the County Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* As explained above, all claims against Utah, Judge Elton, and Governor Cox are subject to dismissal. Plaintiff's remaining claims under §§ 1983 and 1985 and for monetary, declaratory, and injunctive relief are against Tooele County, Ms. Custer, Grantsville City, and Mayor Critchlow.

1.      Claims under §§ 1983 and 1985

Although Plaintiff purports to assert a myriad of constitutional claims against the remaining Defendants, none of these claims are plausible. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 78 (1988). As relevant here, to state a § 1985 claim, a plaintiff must allege "obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny him equal protection of the laws." *Higley II*, 2016 WL 1170811, at *4 (citing 42 U.S.C. § 1985). These types of § 1985 claims require a plaintiff to allege a "racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Brekenridge*, 403 U.S. 88, 102 (1971)).

Here, Plaintiff's Complaint includes a list of 57 rights that these Defendants allegedly violated (ECF 1 at 5–6). However, much like in *Higley II*, Plaintiff "fails to explain which specific constitutional or statutory right [Defendants] violated in denying his basement permit, seizing his pickup truck, and convicting him of a U-turn." *See* 2016 WL 1170811, at *4. The same is true of Plaintiff's allegations relating to his conviction for expired registration. Plaintiff makes only conclusory allegations about denial of justice, violation of liberty, and not receiving compensation for the alleged violations of his rights but does not allege any individual misconduct or discriminatory animus by any of these Defendants (ECF 1 at 10–11). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). Because Plaintiff has failed to identify the specific grounds for the claims against each Defendant, he has

failed to sufficiently allege a plausible claim for constitutional violations against any of these Defendants.

                2.        <u>Claims for declaratory and injunctive relief</u>

With respect to Plaintiff's other claims for declaratory and injunctive relief, Plaintiff has also failed to state a claim upon which relief can be granted. In the Complaint, Plaintiff requests repeal of "all unconstitutional enforcement code," but he does not identify any specific provision of the Utah Code or local ordinance that he seeks to challenge (ECF 1 at 10–11). He does not provide any authority or factual allegations in support of his request for a constitutional compliance committee or identify which named defendant should be tasked with its creation (*id.*). He also fails to identify the "major polluters" he complains of or include any of them as defendants in this action (*id.*). Plaintiff's Responses to the Motions to Dismiss provide additional specificity by claiming violations of equal protection, due process, and freedom of religion and asking for repeal of "mandatory minimum insurance" (ECF 11, 14), but he fails to include sufficient factual support for these alleged violations not only in the Responses, but also within the Complaint.

Instead, Plaintiff appears to assert sovereign citizen arguments referring to Utah as a corporation and claiming that it "does not have any right to me or my labors or property," it "has taken our wealth notoriously with multiple taxation," and it "is standing in the way of progress with multiple taxes that have already been paid, in the form of permits, license, fees, fines, etc. for things that we have a right to" (ECF 11 at 3). These types of "sovereign citizen" arguments "ha[ve] been rejected repeatedly by courts." *See Utah Dept. of Workforce Services v. Geddes*, No. 2:13-cv-24-TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) (citation and internal quotation marks omitted); *see also Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[A]n individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no

conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))). For these reasons, the undersigned RECOMMENDS that the claims against the remaining Defendants be dismissed for failure to state a claim.[3]

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

    1.    State Defendants' Motion to Dismiss (ECF 5) be GRANTED;

    2.    County Defendants' Motion to Dismiss (ECF 13) be GRANTED; and

    3.    This action be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10 January 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[3] Given that the court has determined that the Complaint is subject to dismissal in its entirety, the court does not reach alternative arguments by the State Defendants and the County Defendants. However, the court notes that the County Defendants' res judicata argument fails because *Higley I* and *Higley II* were dismissed without prejudice, which is not a final judgment on the merits. *See Mitchell v. KDJM-FM*, 405 F. App'x 267, 268 (10th Cir. 2010) (explaining the distinction between an adjudication on the merits and a dismissal without prejudice).